# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1938V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DENNIS ANDRIC and BONNIE ANDRIC,
parents of E.A., a minor,

            Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

            Respondent.

Filed: January 11, 2023

Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; pityriasis lichenoides chronica ("PLC").

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioners
*Joseph Lewis*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON JOINT STIPULATION[1]

      On December 19, 2018, Dennis and Bonnie Andric ("Petitioners") filed a petition, on behalf of their daughter, E.A., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioners alleges E.A. suffered from pityriasis lichenoides chronica ("PLC") as a result of the influenza ("flu") vaccination she received on November 2, 2017. *See* Stipulation ¶ 2, 4, dated January 10, 2023 (ECF No. 53); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "E.A.'s alleged PLC or its residual effects were caused-in-fact by the flu vaccine; denies that the flu vaccine caused E.A. any other injury; and denies that E.A.'s current condition is a sequelae of a vaccine-related injury." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed January 10, 2023 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a lump sum of $30,240.48 in the form of a check payable to petitioners as guardian/conservator of E.A.'s estate; and

a lump sum of $59.52 representing reimbursement of a Medicaid lien for services rendered to E.A. by the State of New Jersey, in the form of a check payable jointly to petitioners and the Treasurer, State of New Jersey:

> Health Management System, Inc.
> P.O. Box 416522
> Boston, MA 02241-6522

Stipulation ¶ 8. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

                                           **s/ Katherine E. Oler**
                                           Katherine E. Oler
                                           Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

DENNIS ANDRIC and BONNIE ANDRIC,
parents of E.A., a minor,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 18-1938V
Special Master Oler
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Dennis and Bonnie Andric ("petitioners"), on behalf of E.A., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to E.A.'s receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a)

2. E.A. received a flu vaccine on November 2, 2017.

3. The vaccine was administered within the United States.

4. Petitioners allege that E.A. suffered pityriasis lichenoides chronica ("PLC") that was caused-in-fact by the flu vaccination. Petitioners further allege that E.A. experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on E.A's behalf as a result of her alleged injury.

6. Respondent denies that E.A.'s alleged PLC or its residual effects were caused-in-fact by the flu vaccine; denies that the flu vaccine caused E.A. any other injury; and denies that E.A's current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments for all damages that would be available under 42 U.S.C. § 300aa-15(a):

   a. A lump sum of **$30,240.48** in the form of a check payable to petitioners as guardian/conservator of E.A.'s estate.

   b. A lump sum of **$59.52**,[1] representing reimbursement of a Medicaid lien for services rendered to E.A. by the State of New Jersey, in the form of a check payable jointly to petitioners and the Treasurer, State of New Jersey:

   > Health Management Systems, Inc.
   > P.O. Box 416522
   > Boston, MA 02241-6522
   > Phone: (877) 262-7385, Fax: (866) 276-1176

   Petitioners agree to endorse this check to the Treasurer, State of New Jersey.

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New Jersey may have against any individual as a result of any Medicaid payments the New Jersey program has made to or on behalf of E.A. as a result of her alleged vaccine-related injury suffered on or about November 2, 2017, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for E.A.'s benefit as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represents that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of E.A.'s estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as

3

guardians/conservators of E.A.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of E.A.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.A. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in petitioners' individual capacity, and as legal representatives of E.A., on behalf of petitioners, E.A., and E.A.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.A. resulting from, or alleged to have resulted from, the flu vaccination administered on or about November 2, 2017, as alleged by petitioners in a petition for vaccine compensation filed on or about December 19, 2018, in the United States Court of Federal Claims as petition No. 18-1938V.

15. If E.A. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused E.A's alleged injury or any other injury or her current disabilities, or that E.A. suffered an injury contained in the Vaccine Injury Table.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONERS:**

_____  
DENNIS ANDRIC

_____  
BONNIE ANDRIC

**ATTORNEY OF RECORD FOR PETITIONER:**

_____  
RONALD C. HOMER  *Rule 83.1(c)(2)*
Conway Homer P.C.
16 Shawmut Street.
Boston, MA 02116
(617) 695-1990
rhomer@ccandh.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____  
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14  Digitally signed by George R. Grimes-S14
Date: 2022.10.06 15:44:51 -04'00'

_____  
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
Compensation Programs
Health Systems Bureau
Health Resources and Services Administration
U. S. Department of Health and Humans Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____  
JOSEPH A. LEWIS
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 451-7495
joseph.a.lewis@usdoj.gov

Dated: January 10, 2023