# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 16, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DENNIS ANDRIC and BONNIE ANDRIC, parents of E.A., a minor, | * * * | |
| Petitioners, | * * | No. 18-1938V |
| v. | * * | Special Master Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, PC, Boston, MA, for Petitioners.
*Joseph A. Lewis*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 19, 2018, Dennis and Bonnie Andric ("Petitioners") filed a petition, on behalf of their daughter, E.A., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioners alleges E.A. suffered from pityriasis lichenoides chronica ("PLC") as a result of the influenza ("flu") vaccination she received on November 2, 2017. *See* Stipulation ¶ 2, 4, dated January 10, 2023 (ECF No. 53); *see also* Petition. On January 10, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on January 11, 2023. (ECF No. 55).

On July 11, 2023, Petitioners filed an application for final attorneys' fees and costs. (ECF No. 61). ("Fees App."). Petitioners request total attorneys' fees and costs in the amount of $37,598.35, representing $33,500.70 in attorneys' fees and $4,097.65 in attorneys' costs. Fees

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

App. at 2. Pursuant to General Order No. 9, Petitioners indicate that they have personally incurred costs in the amount of $72.05. ECF No. 72. Respondent responded to the motion on July 16, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 63). Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

I.     **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

    a.  **Reasonable Hourly Rates**

Petitioners request the following rates of compensation for their attorneys; for Mr. Ronald Homer, $421.00 per hour for work performed in 2018, $430.00 per hour for work performed in 2019, $447.00 for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022 and $500.00 per hour for work performed in 2023; and for Mr. Joseph Pepper, $305.00 per hour for work performed in 2018, $325.00 per hour for work performed in 2019, $355.00 per hour for work performed in 2020 and 2021, $415.00 per hour for work performed in 2022 and $455.00 per hour for work performed in 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

    b.  **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions of the tasks performed. However, a small reduction must be made for excessive review of filings by counsel. While it is reasonable to have a second set of attorney eyes review substantive filings, such as the petition or a settlement demand, it is not reasonable to have another attorney review routine filings such as status reports or the joint notice not to seek review, given that Mr. Pepper (lead counsel in this case) is an experienced Vaccine Program practitioner. Accordingly, a reduction of $2,000.00 is being made to account for this issue. Petitioners are therefore awarded final attorneys' fees of $31,500.70.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $4,097.65 in attorneys' costs. Fees App. Ex. 3. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by a medical expert, Dr. Richard Horan, in preparing two expert reports. Petitioners have provided adequate documentation supporting all of their requested attorney and personal costs and Respondent also has not identified any particular costs as objectionable. Petitioners are therefore awarded the full amount of costs sought.

### d. Petitioners' Costs

Pursuant to General Order No. 9, Petitioners have indicated that they have personally incurred costs totaling $72.05 for postage and guardianship costs. These costs are reasonable and shall be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| Attorneys' Fees Requested | $33,500.70 |
|---|---|
| (Reduction to Fees) | ($2,000.00) |
| **Total Attorneys' Fees Awarded** | **$31,500.70** |
| | |

| | |
|---|---|
| Attorneys' Costs Requested | $4,097.65 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,097.65** |
| | |
| **Petitioners' Costs Awarded** | **$72.05** |
| | |
| **Total Amount Awarded** | **$35,670.40** |

Accordingly, the undersigned awards the following:

1) **a lump sum in the amount of $35,598.35, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioners and Petitioners' counsel of record, Mr. Ronald Homer; and**

2) **$72.05 representing reimbursement for Petitioners' costs, in the form of a check payable to Petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).